UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60558-CIV-COHN/SELTZER

JAMES RIVER INSURANCE COMPANY,
an Ohio corporation,

    Plaintiff,

v.

FORTRESS SYSTEMS, LLC, a Nebraska
limited liability company, and BODYWELL
NUTRITION, LLC, a Florida limited
liability company,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND GRANTING SUMMARY JUDGMENT TO JAMES RIVER ON DEFENDANTS' COUNTERCLAIM

**THIS CAUSE** is before the Court upon Defendants' Motion for Reconsideration of the Court's Order Granting Summary Judgment in Favor of Plaintiff [DE 146] ("Motion for Reconsideration").  The Court has considered the Motion for Reconsideration, the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

In this action, Plaintiff James River Insurance Company ("James River") seeks a determination that it has no obligation to defend or indemnify Fortress Systems, LLC ("FSI"), in an underlying lawsuit, <u>Bodywell Nutrition LLC v. Fortress Systems, LLC</u>, Case No. 10-61646-CIV-COHN/SELTZER (S.D. Fla. filed Aug. 2, 2010) ("the first case").  In the first case, Bodywell Nutrition, LLC ("Bodywell"), a sports nutrition and dietary supplement company, sued FSI, a dietary supplement manufacturer.  Bodywell had

retained FSI to manufacture a powder-form drink called First Order. After FSI manufactured First Order, Bodywell and FSI (together, "Defendants") agreed that FSI would arrange for shipping the product to Bodywell's vendors. First Case, Compl., [DE 1-1] ¶ 36. However, when the vendors received the shipments, they found that the First Order powder had clumped and become insoluble. See First Case, Compl., ¶¶ 37-38. Therefore, on August 2, 2010, Bodywell filed its complaint against FSI for breach of express warranty (Count I), breach of implied warranty of fitness for a particular purpose (Count II), and breach of implied warranty of merchantability (Count III). First Case, Compl. [DE 1-1]. On February 20, 2011, Bodywell filed an amended complaint to add an additional claim for negligent shipping/transport of First Order by FSI's subcontractors (Count IV). First Case, Am. Compl. [DE 50]. In Count IV, Bodywell alleged that the clumping was caused by FSI's shippers' failure to use temperature-controlled vehicles in transporting First Order. Id., ¶¶ 101-110.

During the relevant period, FSI had a Commercial General Liability Insurance Policy [DE 1-3] ("insurance policy") with James River, with a five million dollar policy limit. FSI alleges that it tendered the suit to James River on August 23, 2010, but that James River disclaimed coverage under the insurance policy. See Def. Bodywell's Countercl. [DE 50], ¶ 17.

On March 4, 2011, Bodywell and FSI entered into a settlement agreement in the first case, which provided, among other things, that: (1) the parties would file a stipulation of settlement and joint motion requesting that the Court enter a final judgment in Bodywell's favor on Count IV in the amount of $10,450,000; (2) Bodywell would dismiss with prejudice its remaining claims against FSI; and (3) FSI would assign

its right to pursue its claim under the insurance policy to Bodywell. See First Case, Stip. of Settlement and Joint Mot .for Entry of Final J. [DE 56].  On March 17, 2011, they filed their Stipulation of Settlement and Joint Motion for Entry of Final Judgment, and on March 18, 2011, the Court entered a Final Judgment in accordance with the parties' filings.  See First Case, Final J. [DE 59].

Meanwhile, on March 15, 2011, James River filed this action against FSI and Bodywell, seeking declaratory relief to establish that FSI's damages were not covered under the insurance policy.  Compl. [DE 1].  Defendants counterclaimed that James River had a duty to defend FSI in the underlying suit, as well as a duty to indemnify FSI for its settlement with Bodywell.  Def. Bodywell's Countercl.  On October 8, 2012, James River filed an Emergency Motion for Judicial Estoppel [DE 94] ("Estoppel Motion"), in which it asked the Court to apply the doctrine of judicial estoppel to statements FSI made in a supplemental response to an interrogatory.  In the Estoppel Motion, James River asserted that Defendants had argued throughout the first case that the damage to FSI was caused solely by the shippers' negligence, and not by FSI. However, in their supplemental response to the interrogatory, Defendants stated as follows:

> INTERROGATORY NO. 8: Explain with particularity all of the facts and circumstances demonstrating your negligence with respect to the manufacturing, production, handling, or transportation of First Order.
>
> SUPPLEMENTAL RESPONSE:. . . . FSI responds that it was not negligent in the manufacture or production of First Order. **As to handling, the manner in which FSI loaded the product in the shippers' vehicle, without precaution for heat, potentially contributed to the damage. . . .**

James River's Estoppel Mot., Ex. G [DE 94-7] at 1-2 (emphasis added).  On October

3

22, 2012, the Court issued an Order Granting Plaintiff's Emergency Motion for Judicial Estoppel [DE 104] ("Estoppel Order"), finding that "FSI's supplemental response . . . [was] plainly at odds with its previous statements." Estoppel Order at 6. Accordingly, the Court estopped Defendants from arguing that "Bodywell's damages were caused by FSI's manufacturing, production, handling, or loading of First Order product." Estoppel Order at 8.

On October, 26, 2012, James River filed its Motion for Summary Judgment [DE 108], arguing that FSI's damages fall into one of several policy exclusions. Defendants opposed the motion, contending that none of the exclusions applied and that FSI's damages were covered as a "products-completed operations hazard" ("PCOH"). Defs.' Opp'n to James River's Mot. for Summ. J. [DE 123]. Defendants also moved for summary judgment on their counterclaim. See Defendants' Amended Motion for Summary Judgment on Their Counterclaim [DE 113] ("Defendants' Cross-Motion for Summary Judgment"). In their Cross-Motion for Summary Judgment, Defendants argued that FSI's loading created a condition that allowed the shippers' negligence to damage the product. See Cross-Mot. for Summ. J. at 12. The Court granted summary judgment for Plaintiff on the grounds that the damages to First Order fell within the Absolute Auto, Aircraft, and Watercraft Exclusion, and that the damages were not included within the PCOH provision. See Order on Mots. for Summ. J. [DE 141] ("Summary Judgment Order"). However, James River did not move for summary judgment on Defendants' counterclaim. Nonetheless, the Court found that there may have been grounds to grant summary judgment for James River on the counterclaim. In accordance with Federal Rule of Civil Procedure 56(f), the Court deferred ruling on

4

the counterclaim in order to give Defendants a reasonable time to respond in opposition.  See id. at 10.

In the instant Motion, Defendants seek reconsideration of the Order on Motions for Summary Judgment.  Defendants have also filed a Response in Opposition to Court's Entry of Summary Judgment in Favor of Plaintiff on Defendants' Counterclaims [DE 147] ("Response in Opposition to Entry of Summary Judgment"), in which they stipulated that "[s]hould the Court deny Defendants' motion for reconsideration, then . . . Defendants' counterclaim . . . would be subject to dismissal."  As described below, the Court will deny reconsideration and grant summary judgment for James River on Defendants' counterclaim.

## II. RECONSIDERATION STANDARD

The Summary Judgment Order was not a final order.  Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), it is subject to revision at any time before the entry of a final judgment.  See Fed. R. Civ. P. 54(b); Coty Inc. v. C Lenu, Inc., Case No. 10-21812-CIV-HUCK/O'SULLIVAN, 2011 U.S. Dist. LEXIS 14813, at *7 (S.D. Fla. Feb. 15, 2011) ("A district court, in its discretion, can modify or vacate a non-final order at any point prior to the entry of a final judgment.").  While Rule 54(b) does not specify a standard for reconsideration, "the Advisory Committee Notes make clear that 'interlocutory judgments . . . are left subject to the complete power of the court rendering them to afford such relief as justice requires.'" Grupo Televisa v. Telemundo Communs. Group, Inc., Case. No. 04-20073-CIV, 2007 U.S. Dist. LEXIS 95914, at *3 (S.D. Fla. Oct. 11, 2007) (quoting Fed. R. Civ. P. 54(b), advisory committee's note).

The "purpose of a motion for reconsideration is to correct manifest errors of law

or fact or to present newly discovered evidence." <u>Burger King Corp. v. Ashland Equities, Inc.</u>, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citing <u>Z.K. Marine, Inc. v. M/V Archigetis</u>, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).  There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  <u>Burger King</u>, 181 F. Supp. 2d, at 1369.  A motion for reconsideration should not be used to present authorities that were available at the time of the first decision, or to reiterate arguments previously made.  <u>Z.K. Marine</u>, 808 F. Supp. at 1563; <u>see also</u> <u>Reyher v. Equitable Life Assur. Soc.</u>, 900 F. Supp. 428, 430 (M.D. Fla. 1995) ("The Court will not reconsider when the motion . . . only relitigates what has already been found lacking.").  Rather, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Reyher</u>, 900 F. Supp. at 430.

### III. ANALYSIS

Defendants seek reconsideration on three grounds.  First, they argue that the Court violated Nebraska law by making its coverage determination based on the terms of Defendants' settlement agreement, rather than on the facts of the underlying case.  Second, they contend that the loading argument in their Cross-Motion for Summary Judgment did not violate the Estoppel Order, because they did not allege that FSI's loading caused Bodywell's damages.  Third, they assert that there is a tension between the PCOH coverage provision and Exclusion L of the policy.  They argue that the Court should construe the PCOH provision so as to avoid such tension.

### A. The Estoppel Order is consistent with Nebraska law.

In the Summary Judgment Order, the Court found that "Defendants' loading argument plainly violates the Estoppel Order, and accordingly, the Court will disregard that argument." Summ. J. Order at 8-9. Defendants contend that disregarding FSI's loading argument is contrary to Nebraska law, which requires the Court to assess coverage based on the facts and evidence of the underlying case.

In making this argument, Defendants point to a line of Minnesota cases that follow a certain pattern. In each case, the plaintiff in an underlying dispute received a judgment against a defendant for negligence, with the understanding that the plaintiff could collect from defendant's insurer. See Mot. for Reconsideration at 3-5 (citing Scottsdale Ins. Co. v. Riverbank, 815 F. Supp. 2d 1074, 1076 (D. Minn. 2011); Haarstad v. Graff, 517 N.W.2d 582, 583 (Minn. 1994); and Roloff v. Taste of Minnesota, 488 N.W.2d 325, 325-26 (Minn. Ct. App. 1992)). Further, in each case, the plaintiff's complaint in the underlying action alleged that his damages arose out of intentional criminal actions, though the plaintiff did not label the actions as intentional or criminal. See Scottsdale, 815 F. Supp. 2d at 1076, 1084; Haarstad, 517 N.W.2d at 583; Roloff, 488 N.W.2d at 325. For example, in Haarstad, the plaintiff brought suit for negligence, though his injuries were caused by the defendant's punching him several times in the face. See Haarstad, 517 N.W.2d at 583. In all three cases, the defendants had insurance policies with exclusions that clearly applied based on the factual allegations. In Haarstad, the exclusion precluded recovery for damages arising out of the insured's intentional acts. 517 N.W.2d at 584. In the subsequent coverage disputes between the

plaintiffs and insurers, the court in each case found that the exclusions applied based on the factual allegations in the underlying suit.  See Scottsdale, 815 F. Supp. 2d at 1083; Haarstad, 517 N.W.2d at 584; Roloff, 488 N.W.2d at 325-26.[1]

Here, Bodywell's allegations in Count IV of the underlying suit stated that the shippers' negligence caused the damage to First Order.  See First Case, Am. Compl., ¶¶ 101-110.  Bodywell made no allegations as to FSI's loading, and repeatedly asserted throughout the underlying case that it was only the shippers' actions that led to Bodywell's damages.  See, e.g., First Case, Pl.'s Mot. for Leave to File Am. Compl. [DE 47], ¶¶ 13-15; First Case, Mot. for Entry of Rule Nisi [DE 64] at 12 ("In [Count IV], Bodywell claimed that the subcontractors negligent shipping . . . caused the otherwise non-defective First Order product . . .to become damaged.").  Defendants maintained this version of events in the present action, stating in their Affirmative Defenses that:

> 4.  . . . . Bodywell alleged that the damage was caused by the shipping subcontractors after the product had already been manufactured and left FSI's control.
>
> 5.  Exclusion L does not apply because the insured's subcontractor, not the insured, performed the defective work.
>
> 6.  . . . . Here, the failure that caused the damage was the subcontractors', not FSI's.

---

[1] Defendants also cite to several Nebraska cases, none of which are persuasive. See Mot. for Reconsideration at 5 n. 9.  In Ralston Bank v. Kansas Bankers Sur. Co., 794 F.Supp. 896 (D.Neb. 1992), as well as in Boyd v. Travelers Fire Ins. Co., 147 Neb. 237 (1946), there was no underlying judgment or settlement agreement between the plaintiff and the tortfeasor.  In Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531 (8th Cir. 1970), the court found that, "[b]efore an insurer may be permitted to *step out of a suit* in which it has accepted the defense," it must prove that plaintiff is not entitled to coverage.  Babcock, 430 F.2d at 538 (emphasis added).  Here, James River never took up FSI's defense, and so Babcock is not controlling.

Defs.' Answer and Affirmative Defenses [DE 11] at 7.  In this case, unlike the Minnesota cases, there was no suggestion in Bodywell's Amended Complaint that Bodywell's damages arose out of a condition created by FSI's loading.   To the contrary, Defendants alleged that First Order clumped solely because of the shippers' actions.  Therefore, the Court disregards Defendants' loading argument because it relates to facts *not* found in the underlying action.  Accordingly, the Court finds that the Estoppel Order is consistent with Nebraska law, and that the Court properly relied upon it in the Summary Judgment Order.

B. Defendants' loading argument violated the Estoppel Order.

In the Estoppel Order, the Court barred Defendants from "asserting that Bodywell's damages were caused by FSI's manufacturing, production, handling, or loading of First Order product."  Estoppel Order at 8.  In their Cross-Motion for Summary Judgment, Defendants argued that, by loading First Order without precautions for heat, they created a condition that allowed the shippers' separate negligent acts to damage the product.  Cross-Mot. for Summ. J. at 12.  The Court construes this argument to mean that FSI's asserted loading of the product was a legal cause of damage because it directly and in natural and continuous sequence produced, or contributed substantially to producing Bodywell's damages.  Thus, the loading argument violated the Estoppel Order, and the Court properly disregarded such argument in the Summary Judgment Order.

### C. There is no conflict between PCOH coverage and Exclusion L in this case.

Defendants contend that there is a conflict between the PCOH coverage provision and Exclusion L, the 'your work' exclusion.[2]  Exclusion L precludes coverage for "'[p]roperty damage to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" Insurance Policy at 6.  However, the exclusion does not apply "if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."  Id.  Defendants argue that if an insured states that its loading caused the property damage, it would trigger the 'your work' exclusion, where the insured's 'work' includes loading.  Therefore, Defendants assert that they should be permitted to argue that FSI loaded the vehicles without negligence, but in a manner that allowed the shippers' negligence to damage First Order.

The Court will deny this request.  Exclusion L does not apply if the damaged work was performed by a subcontractor.  Under any version of facts alleged, negligence of the subcontractor is clear.  In order to afford coverage under PCOH, FSI alleges it loaded the vehicles in a manner that gave the opportunity for the shippers' negligence to cause the damage.  As stated above, the Court construes this as causation and thus barred by its Estoppel Order.  Defendants were free to allege loading — with or without negligence — in the underlying suit.  They did not, and they were properly estopped from doing so in the instant action.  Accordingly, the Motion for Reconsideration will be

---

[2]  Defendants raise this argument as a construction issue.  They argue that the Court "misconstrued" the PCOH provision, so as to bring it into conflict with Exclusion L.  See Mot. for Reconsideration at 8-10.  The Court has never issued a construction of the PCOH provision, other than to conclude that PCOH coverage would require loading by the insured.  See Summ. J. Order at 8-9.  For the reasons cited in the Estoppel Order, the Court barred Defendants from arguing that loading caused Bodywell's damages.

denied.

## IV. CONCLUSION

Defendants have conceded that if the Court denies reconsideration, then summary judgment may properly be entered on Defendants' counterclaim in favor of James River, because the counterclaim turns on the same facts as James River's claims.  Resp. in Opp'n to Court's Entry of Summ. J. at 1.  The Court agrees. Therefore, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Reconsideration of the Court's Order Granting Summary Judgment In Favor of Plaintiff [DE 146] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 56(f), summary judgment on Defendant Bodywell's Counterclaim [DE 50] is **GRANTED** to non-movant, James River Insurance Company;

3. The parties' Joint Motion to Stay Pre-Trial Deadlines Pending the Court's Ruling on Bodywell's Rule 56(f) and Reconsideration Motions [DE 148] is **DENIED as moot**; and

4. The Court will enter a separate Final Judgment consistent with this ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 31st day of December, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF